DEBORAH M. SMITH
Acting United States Attorney

GARY M. GUARINO
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: gary.guarino@usdoj.gov

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FRITZ JACOB & DEBORAH JACOB, for themselves and on behalf of McKENZIE JACOB, a minor<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 3:05-cv-258-JWS<br><br>**ANSWER** |

Defendant United States of America, through counsel, answers Plaintiffs' Complaint as follows:

1. Upon information and belief the allegations are admitted.

2. Defendant admits that the events alleged in Plaintiffs' Complaint occurred in Anchorage, Alaska.  The allegations are denied to the extent they claim any negligent acts or omissions.

3. The allegations in Paragraph 3 state a legal conclusion on jurisdiction to which no response is required. To the extent a response is required, upon information and belief Defendant admits that Plaintiffs are attempting to assert claims under the Federal Tort Claims Act (FTCA) and that this Court has jurisdiction over claims under the FTCA.

4. The allegations are admitted.

5. Upon information and belief Defendant admits that the Alaska Native Medical Center (ANMC) is operated by the Alaska Native Tribal Health Consortium (ANTHC) and Defendant admits that ANMC has a duty to provide its patients the reasonable degree of medical care ordinarily exercised by health care providers under similar circumstances. The remaining allegations are denied to the extent "quality hospital services" is an undefined standard or alleges a different standard of medical care.

6. Defendant admits that ANTHC has entered a compact and funding agreement with the United States Indian Health Service (IHS). Defendant admits that the health care providers at ANMC may be deemed to be employees of the United States, as determined under 25 U.S.C. § 450f(d), to the extent they provided medical care to McKenzie Jacob within the scope of their employment and within ANTHC's compact and funding agreement with the IHS. The remaining allegations are denied.

7. Defendant currently does not have sufficient knowledge or information to admit or deny the truthfulness of the allegations in Paragraph 7, accordingly the allegations are denied. See response to paragraph 6 above.

8. Upon information and belief, the allegations are admitted.

9. Defendant currently does not have sufficient knowledge or information to admit or deny the truthfulness of the allegations in Paragraph 9, which may require review and analysis by medical experts, accordingly the allegations are denied.

10. Defendant currently does not have sufficient knowledge or information to admit or deny the truthfulness of the allegations in Paragraph 10, which may require review and analysis by medical experts, accordingly the allegations are denied.

11. Defendant currently does not have sufficient knowledge or information to admit or deny the truthfulness of the allegations in Paragraph 11, which may require review and analysis by medical experts, accordingly the allegations are denied.

12. Defendant admits that the medical records indicate that an arterial line was placed in the minor plaintiff's right foot on February 24, 2005 at the ANMC. The remaining allegations are denied.

13. The allegations are denied.

14. Defendant admits that the medical records indicate that mottling or color change were noted in the minor plaintiff's right lower extremity on or about February 24, 2005 and that the arterial line was removed on the evening of February 24, 2005. The remaining allegations are denied.

15. The allegations are denied directly or because Defendant currently lacks sufficient information to admit or deny the truthfulness of some of the allegations.

16. Defendant admits that the minor plaintiff sustained necrosis to areas of her right foot and the amputation of the toes on her right foot. The remaining allegations are denied.

17. Defendant incorporates its responses in Paragraphs 1 to 16 above and denies the remaining allegations of Paragraph 17.

18. The allegations are denied.

19. The allegations are denied directly or because Defendant currently lacks sufficient information to admit or deny the truthfulness of some of the allegations.

20. Defendant incorporates its responses in Paragraphs 1 to 19 above and denies the remaining allegations of Paragraph 20.

## DEFENSES

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. Defendant's conduct was not a legal cause of Plaintiffs' alleged injuries.

3. Plaintiffs' damages and recovery, if any, are subject to and limited by the provisions of Alaska statutory and common law, including AS 09.17.010 to AS 09.17.900, to the extent that these provisions are not inconsistent with the Federal Tort Claims Act.

4. To the extent that Plaintiffs, in this action, assert injury or damage claims or claims of negligence that were not raised in the administrative claims, such claims are barred under 28 U.S. C. §2675.

5. If and to the extent that any injury and/or damages alleged in the Complaint were not caused by the negligent or wrongful act or omission of an ANMC employee acting within the scope of his employment and within the scope of ANTHC's compact and funding agreement with the United States Indian Health Service under Public Law No. 93-638, the Defendant is not liable for such injuries or damages.

6. To the extent that it is allowed under federal and state law, including AS 09.55.548, the Defendant is entitled to a credit or offset for any past or future benefits paid for or payable by, in whole or in part, state or federal government programs not subject to subrogation. The amount of damages awarded in this action, if any, should be reduced accordingly.

7. Pursuant to 28 U.S.C. §2674, Plaintiffs are not entitled to recovery of punitive damages.

8. Pursuant to 28 U.S.C. §2674, Plaintiffs are not entitled to recovery of prejudgment interest on any damages award.

9. Attorney fees are only recoverable as part of a judgment and not in addition thereto, 28 U.S.C. § 2678.

10. Defendant asserts that it may have additional defenses which are not known to Defendant at this time, but which may be ascertained through discovery. Defendant specifically preserves these additional defenses as they are ascertained through discovery.

//

Wherefore, Defendant generally denies that Plaintiffs are entitled to any recovery, and Defendant requests that Plaintiffs' Complaint be dismissed, that judgment be entered in favor of Defendant, and that the Court award Defendant costs and such other relief to which it is entitled.

Respectfully submitted this 3rd day of March, 2006, in Anchorage, Alaska.

> DEBORAH M. SMITH
> Acting United States Attorney
>
> s/Gary M. Guarino
> Assistant U.S. Attorney
> 222 West 7th Ave., #9, Rm. 253
> Anchorage, AK 99513-7567
> Phone: (907) 271-5071
> Fax: (907) 271-2344
> E-mail: gary.guarino@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2006,
a copy of the foregoing Answer was served
electronically on Jim J. Valcarce.

s/ Gary M. Guarino