DEBORAH M. SMITH
Acting United States Attorney

GARY GUARINO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Rm. 253
Anchorage, AK 99513-7567
Telephone: (907) 271-5071
Facsimile: (907) 271-2344
gary.guarino@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FRITZ JACOB & DEBORAH JACOB, for themselves and on behalf of McKENZIE JACOB, a minor<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 3:05-cv-00258-JWS<br><br>**SCHEDULING AND PLANNING CONFERENCE REPORT** |

1.  **Meeting**. In accordance with F.R.Civ.P. 26(f), a telephonic conference was held on May

11, 2006, and was attended by:

      Jim J. Valcarce, attorney for the Plaintiffs.

      Gary M. Guarino, attorney for the Defendant.

The parties recommend the following:

2. **Pre-Discovery Disclosures**. The information required by F.R.Civ.P. 26(a)(1):

☐ have been exchanged by the parties

☒ will be exchanged by the parties by **May 31, 2006**.

Preliminary witness lists

☐ have been exchanged by the parties

☒ will be exchanged by the parties by **June 16, 2006**.

Proposed changes to disclosure requirements: N/A

3. **Contested Issues of Fact and Law**. Preliminarily, the parties expect the following issues of fact and/or law to be presented to the court at trial in this matter:

- Whether the health care providers at the Alaska Native Medical Center breached the applicable standards of care in the treatment provided to McKenzie Jacob, as alleged by Plaintiffs.
- Whether any negligence of the Defendant was a legal cause of injury and damages to McKenzie Jacob and the Plaintiffs.
- The nature and extent of any injuries and damages to McKenzie Jacob and Plaintiffs.

4. **Discovery Plan.** The parties jointly propose to the court the following discovery plan.

   A. Discovery will be needed on the following issues:
   - McKenzie Jacob's medical history and health condition.
   - The contested issues identified in Paragraph 3 above.
   - Medical expert discovery on the liability and damages issues.

   B. All discovery commenced in time to be completed by **June 29, 2007.**

   C. Limitations on Discovery

1. Interrogatories.

    ☒ No change from F.R.Civ.P. 33(a)

    ☐ Maximum of (**number**) Interrogatories by each party to any other party. Responses due in (**number**) days.

2. Requests for Admissions.

    ☐ No change from F.R.Civ.P. 36(a).

    ☒ Maximum of 30 requests.  Responses due in (**number**) days.

3. Depositions.

    ☐ No change from F.R.Civ.P. 30(a), (d).

    ☐ Maximum of (**number**) depositions by each party.

    ☒ Depositions not to exceed 10 except for treating health care providers at the Alaska Native Medical Center, the Plaintiffs, and expert witnesses.  Time for depositions as provided in F.R. Civ. P. 30(d) unless extended by agreement of the parties.

D. Reports from retained experts.

   ☒ Simultaneous disclosure not later than **120 days** before the close of discovery subject to F.R.Civ.P. 26(a)(2)(C).  Any supplemental reports due **60 days** before the close of discovery.

   ☐ Reports due:

   From plaintiff _____     From defendant _____

E. Supplementation of disclosures and discovery responses are to be made:

☐ Periodically at 60-day intervals from the entry of scheduling and planning order.

☒ As new information is acquired, but not later than **60 days** before the close of discovery.

F. A final witness list, disclosing all lay and expert witnesses whom a party may wish to call at trial, will be due:

☐ **45 days** prior to the close of discovery.

☒ Not later than **April 27, 2006.**

5. **Pretrial Motions**.

☐ No change from D.Ak. LR 16.1(c).

The following changes to D.Ak. LR 16.1(c). [Check and complete all that apply]

☒ Motions to amend pleadings or add parties to be filed not later than **August 31, 2006**.

☒ Motions under the discovery rules must be filed not later than **July 13, 2007**.

☒ Motions in limine and dispositive motions must be filed not later than **30 days** after the close of discovery.

6. **Other Provisions**:

A. ☒ The parties do not request a conference with the court before entry of the scheduling order.

☐ The parties request a scheduling conference with the court on the following issue(s):

*(Insert issues on which a conference is requested)*

B. Alternative Dispute Resolution. [D.Ak. LR 16.2]

- ☐ This matter is not considered a candidate for court-annexed alternative
- ☒ The parties will file any request for alternative dispute resolution not later than **June 29, 2007.**
- ☐ Mediation  ☐ Early Neutral Evaluation

C. The parties ☐ do ☒ not consent to trial before a magistrate judge.

D. Compliance with the Disclosure Requirements of F.R.Civ.P. 7.1

- ☐ All parties have complied  ☒ Compliance not required by any party

7. **Trial.**

A. The matter will be ready for trial:

- ☐ 45 days after the discovery close date.
- ☒ not later than 120 days after the discovery close date..

B. The matter is expected to take **10 days** to try.

C. Jury Demanded: ☐ Yes ☒ No

Right to jury disputed?  ☐ Yes ☐ No

Dated: May 27, 06

Cooke, Roosa & Valcarce, LLC

By: Jim J. Valcarce
Attorney for Plaintiffs

Dated: 5/23/06

DEBORAH M. SMITH
ACTING UNITED STATES ATTORNEY

By: Gary M. Guarino
Attorney for Defendant United States

JACOB v. USA
Case No. 3:05-cv-00258-JWS                     5

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2006,
a copy of the foregoing SCHEDULING
AND PLANNING CONFERENCE REPORT
was served electronically on Jim J. Valcarce.

s/ Gary M. Guarino